9773

CUNNINGHAM v. WATERLOO CASH CO.

(93 S. E. 243.)

APPEAL AND ERROR—REVIEW—FINDINGS OF FACT.—The decree in a suit in which there is a mere question of fact will not be disturbed; the reviewing Court not being satisfied by the preponderance of evidence that the findings are erroneous.

Before GARY, J., Laurens, August, 1916.    Affirmed.

Petition by Madison Cunningham against the Walterloo Cash Company, for cancellation of a mortgage.    Decree for plaintiff, and defendant appeals.

The Circuit decree was as follows:

This is a summary proceeding instituted by the petitioner under the authority of section 3462, Code of Laws of South Carolina, vol. I (Civil Code) :

The petitioner alleges that in 1904 he executed to the Piedmont Savings and Investment Company a mortgage of certain real estate; that all of the debt was paid except a balance of about $160; that the mortgagee then assigned the debt and mortgage to the respondent herein; that the said mortgage debt has been paid in full, but the defendant refuses to have it cancelled of record, although he was tendered the necessary charges therefor more than three months before the commencement of this proceeding.    Upon a verified petition alleging these facts the respondent was ordered to show cause why satisfaction of the mortgage debt should not be entered upon the record.

Upon a return to the rule the respondent denied that the mortgage debt had been paid and asked for a foreclosure of it and a sale of the mortgaged real estate.

The whole matter was referred to a special referee who took testimony and made a report in which he finds that the mortgage debt has not been paid, and finds that the respondent should be given judgment of foreclosure and sale.

Exceptions were filed to the findings of the special referee, and the proceeding is before me upon these exceptions.

The report says: "It is contended in behalf of petitioner that the mortgage cannot be foreclosed in this proceeding. But as the only parties interested are before the Court in this proceeding, and respondent's pleading alleges the right to such foreclosure and prays such judgment, I think that in this respect he stands in the position of plaintiff just as if he had served a regular complaint for foreclosure upon petitioner, and that, therefore, it is within the power of the Court and is proper in order to avoid a multiplicity of suits, to order such foreclosure."

The special referee is clearly wrong in this conclusion. The foreclosure of a mortgage of real estate is in the nature of a proceeding *in rem;* and even though all parties are before the Court in this summary proceeding, that doesn't give the Court jurisdiction to the *res* even if it gives jurisdiction of the person. There is no summons in this record.

Even voluntary appearance will not give jurisdiction of real estate, although it will give jurisdiction of the person. A decree of foreclosure and sale cannot be had in this proceeding and were it necessary to do so the exception to the report along this line would be sustained. But in the view I take of the case this is an academic question.

I cannot agree with the special referee in his finding that the mortgage debt has not been satisfied. I think the preponderance of the evidence is the other way. On one side we have in favor of the view that the mortgage debt has not been paid, nothing but the presumption arising from the possession of the mortgage, not marked paid.

On the other side we have in favor of the view that the mortgage debt has been paid the positive testimony of a · disinterested and intelligent witness, and the testimony of the mortgagor. This testimony in connection with the fact that a long time has elapsed since the respondent became the owner of the mortgage debt, and nothing has been said

about it in the way of demand for payment since the alleged
payment of it by the execution of another mortgage, is suf-
ficient to rebut the presumption of nonpayment.

The testimony referred to is in the record and need not be
set out by me.

My conclusion is, that the mortgage in question has been
satisfied and the exception to the special referee's report
along this line is sustained.

The respondent herein not having shown sufficient cause
why satisfaction should not be entered upon the record of
the mortgage first described in the petition herein, it is
hereby ordered, that satisfaction of said mortgage be entered
on the record of it in the office of the clerk of Court of
Laurens county, State aforesaid, by the clerk of this Court.

*Messrs. Simpson, Cooper & Babb,* for appellant, cite: *As
to foreclosure in these proceedings:* 9 Enc. Pl. & Pr. 365
and 362; Code Civ. Proc., secs. 171, 189; 16 Cyc. 134.

*Mr. F. P. McGowan,* for respondent, submits: 1.
*Although his Honor, the Circuit Judge, overruled the ref-
eree, the Judge is presumed to be correct and the appellant
must show that the preponderance of the evidence is against
the findings of the Judge:* 83 S. C., 190.   2. *The appeal is
from the judgment in a statutory proceeding under sections
3461-64 of vol. I of the Civil Code and does not lie, from
the findings of fact:* Vol. II, Code Civ. Proc., sec. 11d; 72
S. C. 270; 73 S. C. 109.   3. *The preponderance of the evi-
dence clearly shows payment and satisfaction of the mort-
gage in question.   4. The lapse of time for 17 years with-
out any demand for payment of either principal or interest
coupled with other circumstances raises the presumption of
payment:* 4 Rich. 600.   5. *The mortgage debt was paid.
If not, no foreclosure could be set up as a counterclaim upon
the mortgage.   The proceeding was a special statutory one,
while the foreclosure is in equity.   The foreclosure here*

*prevented other defenses such as usury developed in the testimony.*

July 19, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are stated in the decree of his Honor, the Circuit Judge. The sole question is whether the mortgage therein described has been paid. The appellant's attorneys have failed to satisfy this Court, by the preponderance of evidence, that the findings of fact by the Circuit Court are erroneous.

Affirmed.